UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

DIBEKULU GEBREHIWOT,

*Plaintiff,*

-against-

FIRST ADVANTAGE BACKGROUND SERVICES CORP.,

*Defendant.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Dibekulu Gebrehiwot ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant First Advantage Background Services Corp. ("First Advantage or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).
4. A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Wethersfield, CT.

6. Defendant First Advantage is a foreign entity that conducts business in the State of Connecticut, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendant Pursuant to the Fair Credit Reporting Act

7. Plaintiff applied for employment at a business called The Parking Spot. As part of Plaintiff's application for employment, The Parking Spot requested Plaintiff's background check report from First Advantage.

8. First Advantage published a consumer report to The Parking Spot on June 25, 2026, which erroneously stated that there was a "High Probability" that Plaintiff's Social Security number belonged to another consumer (hereinafter the "Inaccurate SSN Information").

9. This publication defamed Plaintiff, thereby:

   a. Giving The Parking Spot the false impression that Plaintiff was a poor employment risk.

   b. Impugning Plaintiff's reputation and character.

   c. Causing Plaintiff to suffer substantial emotional distress as described herein.

   d. Causing Plaintiff to be denied employment with The Parking Spot.

*First Advantage Dispute*

10. On or around July 31, 2026, Plaintiff disputed the Inaccurate SSN Information to First Advantage.

11. Plaintiff explained that he has no lines of credit, which would explain why First Advantage could not find a credit report with his identification, and he provided numerous documents proving his Social Security Number, such as a Social Security Card and Passport.

12. First Advantage refused to correct the Inaccurate SSN Information even though, had First Advantage performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

***Damages***

13. At all times pertinent hereto, the conduct of Defendant First Advantage and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

14. In the alternative, the conduct of Defendant First Advantage and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

15. Defendant First Advantage, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to one or more third parties.

16. Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has manifested itself through headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for employment, depression, lack of appetite, and instances of crying.

    b. Plaintiff was defamed by Defendant First Advantage, which published false information about Plaintiff that damaged Plaintiff's reputation. Such defamation

further contributed to, among other things, Plaintiff's ongoing emotional distress.

17. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

18. Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

## Cause of Action
## Violations of the FCRA by First Advantage Background Services Corp. (Consumer Reporting Agency)

*Violation of FCRA § 1681e(b)*

19. Defendant First Advantage violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Defendant First Advantage did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Inaccurate SSN Information.

*Violation of FCRA § 1681i*

20. Defendant First Advantage violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the Inaccurate SSN Information after Plaintiff disputed its accuracy to determine whether the Inaccurate SSN Information was accurately reporting.

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

21. Defendant First Advantage violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the Inaccurate SSN Information.

22. Defendant First Advantage violated FCRA § 1681i(a)(5) by failing to promptly delete the Inaccurate SSN Information from its consumer file for Plaintiff despite the fact that First Advantage, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.
2. A correction of any inaccurate consumer reporting.
3. Such other and further relief as may be necessary, just, and proper.

## Demand For Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

*/s/ Sarah Poriss* ct 24372

Sarah Poriss, Esquire
224 Whiting Lane
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarah@sarahporiss.com

James Ticchio Esq.
Sherman & Ticchio PLLC
120 N. Main St. Suite 302B
New City, NY 10956
T: 212-324-3874
E: james@st-legal.com

**Application for Admission Pro Hac Vice Forthcoming*

***Attorneys for Plaintiff***

Dated October 5, 2026